# EXHIBIT C

6/26/2019 12:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34690350
By: Shanelle Taylor
Filed: 6/26/2019 12:34 PM

CAUSE NO. 201941172

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO.

794927
EML

TRACKING NO: 73636678

| Plaintiff: | In The 129th Judicial District |
| --- | --- |
| AJEIREN, CHELSEA | Court of Harris County, Texas |
| vs. | |
| Defendant: | |
| FALLS ON ANTOINE LLC (DBA FALLS ON ANTOINE APARTMENTS) | Houston, Texas |

### CITATION (SECRETARY OF STATE FOREIGN CORPORATION)

**THE STATE OF TEXAS**
**County of Harris**

**To:**   AXS OPPORTUNITY FUND LLC (FOREIGN LIMITED LIABILITY CORPORATION) MAY BE SERVED THROUGH THE TEXAS SECRETARY OF STATE 1019 BRAZOS ROOM 105 AUSTIN TEXAS 78701
FORWARD TO:
     9100 WILSHIRE BLVD STE 360E, BEVERLY HILLS CA 90212

Attached is a copy ofPLAINTIFFS ORIGINAL PETITION AND FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT.

This instrument was filed on June 14, 2019 in the above cited cause number and court.  The instrument attached describes the claim against you.

     **YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 30 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued onJune 18, 2019, under my hand and seal of said court.

Issued at the request of:
Rice, Daniel V.
25700 I-45 N SUITE 130
THE WOODLANDS, TX  77386
713-234-1266
Bar Number 24027653

*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201Caroline,Houston TX 77002
(POBox 4651,Houston, TX 77210)

Generated By: WANDA CHAMBERS

Unofficial Copy Office of Marilyn Burgess District Clerk

Tracking Number: 73636678

**CAUSE NUMBER: 201941172**

| | |
|---|---|
| PLAINTIFF: AJEIREN, CHELSEA | In the 129th |
| vs. | Judicial District Court of |
| DEFENDANT: FALLS ON ANTOINE LLC (DBA FALLS ON ANTOINE APARTMENTS) | Harris County, Texas |

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock \_\_\_\_.M. on the _____ day of _____, 20\_\_\_\_\_. Executed at Address)_____ in _____ County at o'clock \_\_\_\_.M. on the _____ day of _____, 20\_\_\_\_\_, by Summoning the _____ Delivering to _____in person a corporation By leaving in the principal office during office hours_____ of the said_____ a true copy of this notice, together with accompanying copy of _____To certify which I affix my hand officially this _____day of _____, 20\_\_\_.

Fees $_____

_____     By_____

              Affiant                                              Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20\_\_

_____

                        Notary Public

002

# 129th District Court of HARRIS County, Texas
201 CAROLINE, 10 FL HOUSTON, TX 77002

## CASE #: 201941172

**CHELSEA AJEIREN AND ERIC AJEIREN**

*Plaintiff*
**vs**
**FALLS ON ANTIONE LLC DBA FALLS ON ANTOINE APARTMENTS; AND AXS OPPORTUNITY FUND LLC**

*Defendant*

### AFFIDAVIT OF SERVICE

I, **JAMES R HENDERSON**, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to this action, nor interested in outcome of the suit.  That I received the documents stated below on 06/24/19 10:22 am, instructing for same to be delivered upon AXS Opportunity Fund Llc By Delivering To Registered Agent, Texas Secretary Of State.

That I delivered to        : AXS Opportunity Fund Llc By Delivering To Registered Agent, Texas Secretary Of State. By Delivering to Michael Orta, Authorized To Accept

the following             : CITATION; PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT; PLAINTIFF'S FIRST REQUEST FOR DISCLOSURES, REQUEST FOR PRODUCTION, REQUEST FOR ENTRY U

at this address           : 1019 Brazos Ste 105
                            Austin, Travis County, TX 78701

Manner of Delivery        : By PERSONALLY delivering the document(s) to the person above.

Delivered on              : Tuesday June 25, 2019 12:16 pm

is Professional Civil Process Downtown, 2211 S. IH 35, Suite 105, Austin TX 78741, and U.S.A.  I declare under penalty of perjury that the foregoing is true and correct.

Executed in Travis County, State of Texas, on the ___ day of
_____ , 20__ .

JAMES R HENDERSON                          Declarant
2732

Texas Certification#: PSC-12091 Exp. 06/30/2021

PCP Inv#: Z19600167
SO  Inv#: A19603775

AX02A19603775
serverz
eaffidavits@pcpusa.net

+ Service Fee: 130.00
Witness Fee:    .00
Mileage Fee:    .00
              Rice, Tad

**E-FILE RETURN**

003

Receipt Number: 794927

EML

Tracking Number: 73636682

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 201941172

| | |
|---|---|
| PLAINTIFF: AJEIREN, CHELSEA | In the 129th Judicial |
| vs, | District Court of |
| DEFENDANT: FALLS ON ANTOINE LLC (DBA FALLS ON ANTOINE APARTMENTS) | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: FALLS ON ANTOINE LLC (DBA FALLS ON ANTOINE APARTMENTS) (TEXAS LIMITED LIABILITY
COMPANY) MAY BE SERVED THROUGH ITS REGISTERED AGENT

REGISTERED AGENTS INC

700 LAVACA ST STE 1401

AUSTIN TX 78701

OR ANY OTHER PLACE WHERE DEFENDANT MAY BE FOUND

Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND FIRST SET OF DISCOVERY
REQUESTS TO DEFENDANT.

This instrument was filed on June 14, 2019, in the above numbered and styled cause on
the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
June 18, 2019.

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: WANDA CHAMBERS

Issued at request of:
Rice, Daniel V.
25700 I-45 N SUITE 130
THE WOODLANDS, TX  77386
713-234-1266

Bar Number: 24027653

004

Tracking Number: 73636682

CAUSE NUMBER: 201941172

PLAINTIFF: AJEIREN, CHELSEA

    vs.

DEFENDANT: FALLS ON ANTOINE LLC (DBA FALLS ON ANTOINE APARTMENTS)

In the 129th

Judicial District Court

of Harris County, Texas

OFFICER/AUTHORIZED PERSON RETURN

Came   to   hand   at   _____o'clock   ____.   M.,   on   the   _____   day   of _____, 20_____.
Executed   at   (address)   _____
in _____ County
at   _____   o'clock   ____.   M.,   on   the   _____   day   of _____, 20 _____,
by delivering to _____ defendant, in person, a true copy of this
Citation   together   with   the   accompanying   _____   copy(ies)   of   the _____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To   certify   which   I   affix   my   hand   officially   this   _____   day   of _____, 20 _____.

FEE:   $ _____

                                _____

                             _____ of _____

County, Texas

                                By:
_____             _____
       Affiant                                 Deputy

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN   TO   AND   SUBSCRIBED   BEFORE   ME   on   this   _____   of _____, 20 _____

                                           _____

6/14/2019 2:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34391286
By: Nelson Cuero
Filed: 6/14/2019 2:32 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **CHELSEA AJEIREN AND ERIC AJEIREN** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **v.** | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **FALLS ON ANTOINE LLC dba FALLS** | § | |
| **ON ANTOINE APARTMENTS; and AXS** | § | |
| **OPPORTUNITY FUND LLC** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION AND
## FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiff(s) CHELSEA AJEIREN and ERIC AJEIREN, complaining of Defendant(s) FALLS ON ANTOINE LLC dba FALLS ON ANTOINE APARTMENTS; and AXS OPPORTUNITY FUND LLC, and file this Original Petition.

### I. PARTIES

1.      Plaintiff(s) are residents of Harris County, Baytown, Texas.

2.      Defendant(s) Falls on Antoine LLC, is a Texas limited liability company doing business as Falls on Antoine Apartments and may be served through its registered agent, Registered Agents, Inc., 700 Lavaca St., Ste. 1401, Austin, Texas 78701, or any other place where Defendant may be found.

3.      Defendant AXS Opportunity Fund LLC, is foreign limited liability corporation doing business in Texas, with its principal place of business located at 9100 Wilshire Blvd., Ste. 360E, Beverly Hills, California 90212.  AXS Opportunity Fund has not designated or maintained a registered agent for service of process in Texas, and may be served with process by serving the Texas Secretary of State, pursuant to CPRC §17.044(1), by hand-delivering process to the Texas Secretary of State, Service of Process, 1019 Brazos, Room 105, Austin, Texas 78701.

## II. DISCOVERY LEVEL

4.      Discovery is intended to be conducted under Level 3 of TEX. R. CIV. P. 190.

## III. VENUE AND JURISDICTION

5.      Venue is proper in this cause pursuant to CIV. PRAC. & REM. CODE §15.002 in Harris County, Texas, because all or a substantial part of the events which gave rise to this cause of action occurred in Harris County, Texas, and the subject matter in controversy is within the jurisdictional limits of this Court.

## IV. FACTS

6.      The Texas Health & Safety Code, Section 341.011 classifies bedbugs as a "public health nuisance."

7.      In July 2017, Plaintiffs moved into Unit 301 of the Falls on Antoine apartments, located at 6101 Antoine Drive, Houston, Texas 77091.    Almost immediately after Plaintiffs moved in, they discovered a bed bug crawling in their unit.  Plaintiffs immediately notified the management office of the complex.  Plaintiffs also noticed mattresses and furniture piled up in the complex dumpster.  Plaintiffs requested to be let out of their lease, but Defendants refused to grant their request.  Defendants required Plaintiffs to unpack their belongings and prepare the unit for their exterminator.   Defendants failed and/or refused to properly exterminate the unit and effectively eliminate the bed bugs.  Defendants knew of the bed bug infestation and failed and/or refused to notify Plaintiffs of the bed bug infestation and failed and/or refused to properly treat and eliminate the bed bug infestation.  Had it been disclosed that the property was infested by bedbugs, Plaintiff(s) would not have rented Defendant(s)' property.

## V. Causes of Action

**A.    Negligence**

8.    The bed-bug-infested property provided to Plaintiff(s) and the resulting injuries and damages, were proximately caused by the negligent conduct of the Defendant(s). Defendant(s) were negligent in one or more of the following ways:

     a.    Failing to rent property in a reasonably safe condition;

     b.    Failing to reasonably inspect property prior to renting;

     c.    Failing to reasonably clean property prior to renting;

     d.    Failing to notify Plaintiff(s) of the risk of bedbug infestation; and

     e.    Failing to disclose prior bedbug activity in the property.

9.    Each of these acts and omissions, singularly or in combination with others, constituted negligence that proximately caused the occurrence made the basis of this action and Plaintiff(s)' injuries and damages.

**B.    Deceptive Trade Practices Act ("DTPA")**

10.    Plaintiff(s) herein incorporate by reference all paragraphs above.

11.    In the alternative and without waiving the foregoing, Defendant(s) violated the Texas Deceptive Trade Practices Act ("DTPA").

12.    Plaintiff(s) is a consumer under the DTPA because Plaintiff(s) are individuals who acquired goods by lease.

13.    The term "goods" includes real property under the DTPA.

14.    Defendant(s) is a corporation that can be sued under the DTPA.

15.    Defendant(s) violated the DTPA when Defendant(s) engaged in false, misleading, or deceptive acts or practices in relation to the transaction.

16.     Plaintiff(s) gave Defendant(s) notice as required by Texas Business & Commerce Code section 17.505(a).

17.     Defendant(s)' wrongful conduct was a proximate and producing cause of Plaintiff(s)' damages.

18.     Plaintiff(s) suffered economic and mental anguish damages as a result of Defendant(s)' DTPA violations.

**C.     Breach of Contract**

19.     Plaintiff(s) herein incorporate by reference all paragraphs above.

20.     In the alternative and without waiving the foregoing, Defendant(s) breached its contract with Plaintiff(s).

21.     Plaintiff(s) and Defendant(s) executed a valid and enforceable contract.   The contract provided that Plaintiff(s) would pay money to Defendant(s) in exchange for the use of Defendant(s)' property.

22.     Plaintiff(s) tendered performance of Plaintiff(s)' contractual obligation.   Namely, Plaintiff(s) paid money to Defendant(s) per the terms of their contract.

23.     Defendant(s) materially breached the contract by providing Plaintiff(s) with property that was infested with bedbugs.

24.     As a direct and proximate result of Defendant(s)' breach, Plaintiff(s) has suffered actual damages.

25.     Plaintiff(s) seeks unliquidated damages within the jurisdictional limits of this Court.

**D. Nuisance**

26.     Plaintiff(s) herein incorporates by reference all paragraphs above.

27.     The Texas Health & Safety Code, § 341.011 classifies bedbugs as a "public health nuisance."

28.     Plaintiff(s), further allege that Defendant(s)' acts and omissions with respect to the leasing of bed bug infested property have caused and continue to cause a material, substantial and unreasonable interference with Plaintiff(s)' use and enjoyment of their properties and have materially diminished and will continue to diminish the value thereof.

29.     Defendant(s)' material, substantial and unreasonable interference with Plaintiff(s)' use and enjoyment of their properties, and the continuing material, substantial and unreasonable interference with such use and enjoyment constitutes a nuisance.

30.     Defendant(s)' creation and continuing creation of nuisance proximately caused and continues to cause damage to Plaintiff(s), in the form of property damage, physical harm and emotional distress.

## VI. CONDITIONS PRECEDENT

31.     All conditions precedent occurred or have been performed under the lease agreement at issue.

## VII. DAMAGES

32.     As a result of the negligent conduct of Defendant(s), Plaintiff(s) suffered and will continue to suffer in the future, actual damages within the jurisdictional limits of this Court, including but not limited to, past and future medical, pharmaceutical, and hospital expenses, past and future pain and suffering, past and future mental anguish, past and future physical impairment, past and future disfigurement; lost wages, property damage, exemplary damages, pre-judgment and post-judgment interest, and costs of court.

33. For Plaintiff(s)' DTPA claims, Plaintiff(s) suffered and will continue to suffer in the future, actual damages within the jurisdictional limits of this Court, including but not limited to: medical expenses, lost wages, property damage, past and future physical impairment, past and future disfigurement, past and future mental anguish damages, attorneys' fees, pre-judgment and post-judgment interest, and costs of court.

34. For Plaintiff(s)' breach of contract claims, Plaintiff(s) suffered and will continue to suffer in the future, actual damages within the jurisdictional limits of this Court, including but not limited to, economic damages, past and future disfigurement, past and future mental anguish damages, attorneys' fees, pre-judgment and post-judgment interest, and costs of court.

35. For Plaintiff(s)' common-law fraud and fraud by nondisclosure claims, Plaintiff(s) suffered and will continue to suffer in the future, actual damages within the jurisdictional limits of this Court, including but not limited to, medical expenses, lost wages, past and future disfigurement, past and future mental anguish, property damage, exemplary damages, pre-judgment and post-judgment interest, and costs of court.

36. Plaintiff(s) seek monetary relief over $200,000 but not more than $1,000,000.

## VIII. GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

37. Upon information and belief, Defendant(s) have had prior bed-bug infestation problems in their property. Despite this knowledge, Defendant(s) have failed to take reasonable steps to prevent further bed-bug infestations. Defendant(s)' conduct as described above constituted acts and/or omissions which, when viewed objectively from their standpoint at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant(s) had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

Accordingly, Defendant(s)' actions constitute gross negligence and Plaintiff(s) seeks an award of exemplary damages.

38.     Regarding Plaintiff(s)' various fraud claims, Defendant(s) made false representations of material fact regarding the quality, habitability and cleanliness of the property with actual awareness of its falsity. Plaintiff(s) seeks an award of exemplary damages on these grounds.

## IX. TREBLE DAMAGES

39.     Defendant(s) knowingly and intentionally violated the DTPA. Plaintiff(s) is therefore entitled to treble economic damages and mental anguish damages under the DTPA.

## X. ATTORNEYS' FEES

40.     Because Defendant(s) violated the DTPA, Plaintiff(s) is entitled to recover and hereby seek attorney's fees pursuant to § 17.50(c) of the Texas Business and Commerce Code.

41.     In the alternative, Plaintiff(s) is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code Chapter 38 because this is a suit for breach of a written contract. Plaintiff(s) retained counsel, who presented Plaintiff(s)' claim to Defendant(s). Defendant(s) did not tender the amount owed within 30 days of when the claim was presented.

42.     Alternatively, Plaintiff(s) is entitled to recover attorneys' fees under their statutory fraud claim pursuant to § 27.01(e) of the Texas Business and Commerce Code.

## XI. JURY DEMAND

43.     Plaintiff(s) hereby requests a jury trial.

mmm

## XII. NOTICES

44.     Pursuant to Texas rule of Civil Procedure 193.7, Plaintiff(s) places the Defendant(s) and the Court on notice of its intent to use all documents produced by Defendant(s) in response to written discovery in all pre-trial proceedings and/or trial of the above-entitled and numbered cause.

45.     Pursuant to Rule 609(f) of the Texas Rules of Evidence, Plaintiff(s) further places the parties to this suit on notice of its intent to use evidence of criminal convictions, if any, at trial of the above-entitled and numbered cause.

## XIII. PRAYER

46.     For these reasons set forth above, Plaintiff(s) prays that they have judgment against the Defendant(s) for the following:

a.     Actual damages within the jurisdictional limits of this court;

b.     Past and future economic damages;

c.     Past and future pain and suffering damages;

d.     Past and future mental anguish damages;

e.     Past and future impairment;

f.     Past and future disfigurement;

g.     Exemplary damages;

h.     Treble damages under the DTPA;

i.     Pre-judgment and post-judgment interest at the highest rate allowed by law;

j.     Attorney's Fees and costs of court; and

k.     All other relief, in law and equity, to which Plaintiff(s) may be entitled.

Respectfully submitted,

**THE RICE FIRM**

By:    _/s/ Tad Rice_ _____
         Tad Rice
         State Bar No.: 24027653
         25700 I-45 North, Suite 130
         The Woodlands, Texas 77386
         Telephone: (713) 234-1266
         Facsimile:  (832) 495-4767
         Email: firm@ricefirmpc.com

**ATTORNEY FOR PLAINTIFF(S)**

CAUSE NO. _____

| | | |
|---|---|---|
| CHELSEA AJEIREN AND ERIC AJEIREN | § § § | IN THE DISTRICT COURT |
| v. | § § | OF HARRIS COUNTY, TEXAS |
| FALLS ON ANTOINE LLC dba FALLS ON ANTOINE APARTMENTS; and AXS OPPORTUNITY FUND LLC | § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST REQUEST FOR DISCLOSURES, REQUEST FOR PRODUCTION, REQUEST FOR ENTRY UPON PROPERTY, REQUEST FOR ADMISSIONS, AND INTERROGATORIES TO DEFENDANT

TO:     Defendant Falls On Antoine LLC dba Falls on Antoine Apartments
        Defendant AXS Opportunity Fund LLC

        Pursuant to the Texas Rules of Civil Procedure, you are to make written responses to the

following requests. You are reminded that you are charged with the duty as imposed upon you by

the Texas Rules of Civil Procedure to supplement your responses if you later obtain information

upon the basis of which:

1.     You or your attorney know that your answers to one or more of such interrogatories was
incorrect when made;

2.     You or your attorney know that your answer to one or more of such requests is no longer
true and the circumstances are such that a failure to amend your answer or answers is in substance
a knowing concealment or misrepresentation; or

3.     You or your attorney expects to call an expert witness whose name and the subject matter
of such witness' testimony has not been previously disclosed in response to an appropriate
interrogatory.

        You are reminded that your written responses to these requests shall state, with respect to

each category of items, that inspection and other requested action will be permitted as requested,

except only to the extent that you make objections in writing to particular items or categories

thereof; that your written responses and/or objections, if any, shall be served on the undersigned

at the offices of Plaintiff(s)' counsel as provided by the Texas Rules of Civil Procedure.   You are

requested to attach copies of all items that are subject to the requests to your responses, or in lieu

thereof, make such items available for inspection and copying in the offices of the undersigned.

Respectfully submitted,

**THE RICE FIRM**

By:      */s/ Tad Rice*
                Tad Rice
                State Bar No.: 24027653
                25700 I-45 North, Suite 130
                The Woodlands, TX   77386
                Telephone: (713) 234-1266
                Facsimile: (832) 495-4767
                Email: firm@ricefirmpc.com

**ATTORNEYS FOR PLAINTIFF(S)**

## **Definitions and Instructions**

Each of the following definitions shall apply to these Discovery Requests unless indicated otherwise:

1.      This Request is directed to Defendant(s) and their agents, servants, employees, representatives, and, unless privileged, attorneys, and includes all documents in the possession, custody or control of said entities or persons regardless of whether they were prepared by Defendant(s) or by any other person.

2.      References to "claims" or "this lawsuit" or "Petition" refer to the Petition filed in this action, this lawsuit, and/or the claims asserted in the above-captioned action.

3.      References to "date of incident" refers to July 2017.

4.      The conjunctions "and" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of its specification.

5.      The terms "you" and "your" include the person or entity to whom these Requests are addressed and all of that person or entity's agents, business affiliates, servants, employees, representatives, and unless privileged, attorneys.

6.      The singular form of any word includes the plural form of that word and the plural form of any word includes the singular form of that word.

7.      The terms "identify," "identity" or "identification," when used in reference to a natural person, require you to state that person's full name, last known address, home and business telephone numbers, job title and present business affiliation. When used in reference to a person other than a natural person, the terms "identify," "identity" or "identification" require you to describe the nature of such person (that is, whether it is a corporation, partnership, etc., under the definition of "person" above), and to state that person's last known address, telephone number, and principal place of business. Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to provide the name only.

8.      The terms "identify," "identity" or "identification," when used in reference to a document, require you to state the date, the author (or, if different, the signor or signors), the addressee and the type of document (e.g., letter, memoranda, telegram, chart, etc.). If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and the reason for such disposition. In lieu of so identifying a document, at your option you may attach an accurate copy of it to your Answers to these Requests, appropriately labeled to correspond to the Request in response to which it is being produced.

9.      The term "Plaintiff(s)" means Plaintiffs named in the style of this lawsuit.

10.     The term "insect" means live or dead bed bug, pest, or other biting insect.

11.     The phrase "presence of insects" means the alleged or actual existence, occurrence, sighting, or detection of live or dead bed bugs or evidence of bed bugs (such as eggs, shed skins, or fecal matter) or any other evidence of pests, biting insects, or animals.

12.     "Document" or "documents" shall mean, unless otherwise indicated, the original or copies of any written, typed, printed, photocopied, photographic, digital or tape recorded matter, diskettes, USB or flash drives, electronically-stored matter, or other data compilations from which information can be obtained or which, if necessary, can be translated through detection devices into a reasonably useable form of any kind in your possession or known by you to exist, including but not limited to backup-tapes. Such documents include, without any intended limitation, all letters; telegrams; memoranda; e-mails; deleted emails;   facsimile transmissions; text messages; instant messages; blog or other web-site postings, comments or submissions; tabulations; contracts; invoices; drafts; records; transcripts (whether made by a mechanical device, by longhand or shorthand recording, or transcription software); audio or video recordings (whether analog or digital); contracts; receipts; interoffice communications; microfilm; lists; bulletins; calendars; circulars; notices; postings; desk pads; ledgers; minutes; journals; diaries; balance sheets; profit and loss statements; pamphlets; studies; notices; summaries; reports; analyses; teletype messages; worksheets; all other graphic materials; writings and instruments, however produced or reproduced. Said definition shall include among other things, recordings, transcripts and/or summaries or oral communications, telephonic or otherwise.

13.     *Pursuant to TRCP 196.4, the information requested specifically includes electronic and/or magnetic data, including but not limited to databases; data files; program files; image files; email messages and files; voice-mail messages and files; text messages; temporary files; system-history files; deleted files, programs, or emails; backup files and archival tapes; website files; website information stored in textual, graphical, or audio format; cache files; and cookies. This information may be produced in its native format on CD or other electronic media that is commonly accessible by the Windows operating system*.

14.     The term "subject rental unit" means rental unit rented/leased/sold to Plaintiff(s).

15.     The terms "the Premises," refer to the entire property complex located at **6101 Antoine Drive, Houston, Texas 77091,** and include but are not limited to any management offices, warehouses, storage facilities, cleaning facilities, and any other permanent structures used by Defendant.

16.     The terms "person" and "persons" mean individuals, boards or committees, corporations, S-corporations, companies, entities, law firms, partnerships, limited partnerships, limited liability partnerships, joint ventures, and other legal or taxable entities, whether public or private.

17.     This Request calls for all documents within your possession or control, including documents located on premises other than your own, whether or not they were prepared by you. If a document within a stated category is known by you to exist, but is not in your control, identify the document, indicate when and how it was disposed of, and identify the present custodian of the document.

18.      If any document requested herein has been lost or destroyed, you are requested to identify the last person who had possession or control of the document and to describe in detail the circumstances of and reasons for such destruction or loss and to produce all documents which relate to either the circumstances of or the reasons for such destruction.

19.      This Request calls for all documents which now exist, which have existed, and/or which may exist in the future, up to the time of the trial in this matter.

20.      If any document requested herein is withheld under claim of privilege, or is not produced for whatever reason, you are requested (1) to state with specificity the claim of privilege or other reason used to withhold production and (2) to identify such document by date, author, and subject matter, in a manner sufficient to allow it to be described to the court for ruling on the privilege or other reason asserted.   You are further requested to produce those portions of any such document which are not subject to a claim of privilege or other reason for nonproduction by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in a disclosing the contents of the portions for which some privilege is asserted.

## Plaintiff(s)' First Request for Production

Please produce the following:

## Policies and Procedures:

1.      Any and all documents comprising, reflecting, relating or referring to policies, procedures, training, testing, practices, or guidelines mandating how staff, employees, managers, supervisors, or any other type of agent and/or subordinate was to prevent, inspect for, and treat for the presence of insects in Defendant furniture or rental units for the past 4 years.

2.      Any and all building plans, blueprints, floor plans, or other documents reflecting the interior and exterior layouts of the property in question for the past 4 years.

3.      Any and all documents reflecting, relating, referring to or setting forth policies, procedures, training, testing and/or practices for pre-rental inspections of Defendant rental units for the past 4 years.

4.      Any and all documents reflecting, relating or referring to any inspections, maintenance, service, or other work performed on Defendant property, rental units, and/or furniture for the past 4 years regarding or related to the presence of insects.

## Extermination, Maintenance and History:

5.      Any and all documents reflecting, relating or referring to the history of the Subject rental unit, for the past 4 years.   This includes but is not limited to all supporting documentation relating to or regarding inspection, complaint, and/or rental documents, and Defendant's maintenance and cleaning records regarding for the Subject rental unit.

6.      Any and all documents reflecting, relating or referring to any pest control contractor or exterminator hired by you to inspect or treat the property or furniture or adjoined areas for the presence of insects for the past 4 years.

7.      Any and all documents reflecting, relating or referring to any complaints, reports, or requests for inspection regarding the alleged, suspected, or confirmed presence of insects in any Defendant furniture and/or rental units for the past 5 years. This request includes but is not limited to, complaints by residents or customers of Defendant, Defendant employees/agents/staff, outside contractors with Defendant, independent third parties, and/or government investigators and/or their agents regarding the presence of insects in Defendant's property.

8.      All emails or other correspondences between your property or any employee and any pest control entity or governmental/regulatory authority (e.g. code compliance, health department, etc.) related to pest control issues for the past 4 years.

9.      All pest control or pest complaint "logs" or "log books" or other similar documents for the
past 4 years.  This includes but is not limited to the "log books" used to record complaints or
required by any pest control entity. It also includes but is not limited to maintenance requests,
emails, "remarks" or notes pages from any software used to manage the property.

10.     All emails or other correspondences between your business or any employee and any owner
or management company or governmental/regulatory authority (e.g. code compliance, health
department, etc.) related to cleanliness, safety, insects or bed bugs for the past 4 years.

11.     All pest control related receipts, invoices, payments, credit card payments, or orders for
pest control related items for the past 4 years.   This includes but is not limited to payments to pest
control companies, or receipts for mattress covers, bug bombs, Raid, Sterifab, diatomaceous earth,
pesticide applicators, traps, "climb ups" or other similar items.

12.     Any and all documents reflecting, relating or referring to any complaint, lawsuit, claim,
rent escrow action, or other legal or administrative proceeding asserted against you for the past 4
years, in Texas, regarding the presence of insects in furniture and/or rental units.

13.     Any and all documents reflecting, relating or referring to any inspections, maintenance,
service, or other work performed on the Subject rental unit during the last 5 years.

14.     Any and all documents reflecting, relating, or demonstrating that your business has
complied with The Texas Department of State Health Services and any other relevant law or
regulation for the past 4 years as it relates to insects or vermin infestations or sanitation.   This
request includes but is not limited to all relevant permits, permit applications, permit denials, State
approved cleaning and treatment methods of any property.

**Prior Claims and Complaints:**

15.     All documents related to the discovery, report, complaint, treatment, prevention, cost, or
presence of bed bugs at any time over the last 4 years.

16.     Any and all documents reflecting, relating, or referring to corrective actions in the past 4
years you took or were required to take to remedy previous violations of health, safety, insect,
vermin, or sanitation regulations, laws, ordinances or codes for the past 4 years. This request
includes corrective action agreed upon by Defendant and The Department of State Health or any
other local, state or federal entity.

17.     All correspondence between you and any other entity, other than your attorney, related to
the presence of insects, including but not limited to bed bugs, in your property, furniture or rooms
at any time over the last 4 years.   This includes but not limited to communications between you
and any customer or resident or agents of the owners, management company, exterminators and
any governmental agencies.

18.     Any and all documents reflecting, relating or referring to the history of the ownership or
management or franchise status of the subject property for the past 4 years. This includes but is

Plaintiffs' Request for Discovery                                                                    Page 7

022

not limited to all supporting documentation relating to or regarding ownership documents, management documents or franchise documents between you and any other defendant or party.

19.     Please produce any document you have identified or relied upon to answer any Requests for Admissions.

20.     Please produce any document you have identified or relied upon to answer any Interrogatory.

21.     Please produce all records you have related to the Plaintiff(s), including all rooms/units/properties they were associated with and their dates of purchase/rental/lease.  This also includes, but is not limited to, all notes, records or communications in any form related to Plaintiff(s) at any time.

22.     Produce all documents obtained by and through any and all authorizations  provided Defendant and sort by each such authorization.

23.     Please produce all depositions on written questions, including all exhibits, for which you are the custodian of the original.

## Plaintiff(s)' Request for Entry Upon Property

Plaintiff(s)' request, pursuant to TEX. R. CIV. P. 196.7, that Plaintiff(s)' be permitted to enter Defendant's property located at **6101 Antoine Drive, Houston, Texas 77091,** and any other furniture storage or processing facility used by Defendant at the address above on an agreed date at 09:30 AM for the purpose of inspecting the property. Plaintiff(s)' plans to perform the following inspection: visibly inspect and photograph Defendant's rental complex and storage facility, including but not limited to the Subject rental unit, and areas where furniture is sold, stored, transferred, inspected, cleaned and/or removed. The following testing will be performed on the property: photography, video, taking measurements using a tape measure. Plaintiff(s)' anticipates the following persons will be present for the inspection and testing: Tad Rice.

### Defendants' Response

Defendant must serve upon Plaintiff(s)', pursuant to TEX. R. CIV. P. 196.7(c) a written response to this request.   Therein, you must state objections and assert privileges as required by the Texas Rules of Civil Procedure, and state, as appropriate:

A) entry or other requested action will be permitted as requested;

B) entry or other requested action will take place at a specified time and place, if Defendant is objecting to the time and place of production; or

C) entry or other requested action cannot be permitted for reasons stated in Defendant's response.

---

## Plaintiff(s)' First Requests for Admission

1. Admit that you have been sued in your proper name.

2. Admit that you have been sued in your proper capacity.

3. Admit that your insurance policy provides coverage for Plaintiff(s)' claims against you.

4. Admit that no exceptions outlined in your insurance policy preclude coverage for Plaintiff(s)' claims against you.

5. Admit that Plaintiff(s)' has satisfied all conditions precedent to bring this suit against you.

6. Admit that you rent hotel/motel/apartment units.

7. Admit that you rent hotel/motel/apartment units that have been used by prior customers.

8. Admit that you rent hotel/motel/apartment units that had a prior insect complaint associated with it.

9. Admit the Subject rental unit had a prior insect complaint associated with it.

10. Admit the Subject rental unit had a prior bed bug complaint associated with it.

11. Admit that other units in the same building (including but not limited to those immediately above, below or adjacent to the subject rental unit) had prior insect complaints associated with them.

12. Admit that other units in the same building (including but not limited to those immediately above, below or adjacent to the subject rental unit) had prior bed bug complaints associated with them.

13. Admit you have a written policy for preventing insect infestations.

14. Admit you have a written policy for preventing bed bug infestations.

15. Admit you do not have a written policy for preventing insect infestations.

16. Admit you do not have a written policy for preventing bed bug infestations.

17. Admit you are responsible for renting insect-free rental units to your customers.

18. Admit you are responsible for renting bed bug-free rental units to your customers.

19. Admit you are not responsible for renting insect-free rental units to your customers.

20. Admit you are not responsible for renting bed bug-free rental units to your customers.

21.     Admit the presence of bed bugs has been confirmed in your rental units within the last 5 years.

22.     Admit that within the last 5 years The Texas Department of Health or any other state, local or federal entity has prohibited, for any amount of time, your renting of rental units because of insect-related complaints.

23.     Admit that within the last 5 years The Texas Department of Health or any other state, local or federal entity has prohibited, for any amount of time, your renting of rental units because of bed bug-related complaints.

24.     Admit that within the last 5 years The Texas Department of Health or any other state, local or federal entity has fined or cited you because of insect-related complaints.

25.     Admit that within the last 5 years The Texas Department of Health or any other state, local or federal entity has fine or cited you because of bed bug-related complaints.

26.     Admit one or some of your employees conducted pest control on your property in the past 4 years.

27.     Admit one or some of your employees have not conducted pest control on your property in the past 4 years.

28.     Admit one or some of your employees conducted pest control on your property since the date of the incident.

29.     Admit one or some of your employees have not conducted pest control on your property since the date of the incident.

30.     Admit one or some of your employees applied pesticides on your property in the past 4 years.

31.     Admit one or some of your employees have not applied pesticides on your property in the past 4 years.

32.     Admit one or some of your employees applied pesticides on your property since the date of the incident.

33.     Admit one or some of your employees have not applied pesticides on your property since the date of the incident.

## Plaintiff(s)' First Set of Interrogatories

**Policies and Procedures:**

1.    Identify any document retention policy in place for Defendant for the last 4 years, regarding the following categories of documents:

      a.    Leases/Purchases;
      b.    Communications with customers;
      e.    Maintenance/service requests and responses to the same;
      d.    Communications between/among staff regarding customers or customer issues;
      e.    Communications between staff and outside contractors;
      f.    Contracts/service agreements with outside contractors;
      g.    Extermination records;
      h.    Rental unit inspections;
      i.    Cleaning and repairs performed rental units following a customer moving out of a rental unit;
      j.    Costs for cleaning and repairs performed on a rental unit following a customer moving out of said rental;
      k.    E-mails.

**Answer:**

2.    Identify any and all proposals, estimates, recommendations and/or plans for insect inspection and/or treatment services provided to you or your agents (including both ownership, management and/or parent entities) by any professional pest control contractor, for the last 4 years, and for each state whether the proposal, estimate, recommendation and/or plan was accepted or rejected, the identity of the person(s) making that decision, and the basis for the decision.

**Answer:**

3.    State all training your employees received related to bed bugs or pest control in the last 4 years.   Please identify who conducted or taught the training.   If there are documents related to the training related to bed bugs or pest control, identify and produce those documents.

**Answer:**

4.    State every practice, procedure, policy or guideline, implemented, adopted, or under consideration for adoption, as of the date of incident, relating to how Defendant management, staff, employee, and/or any other agent was to *respond to complaints or reports of* the alleged or actual presence of insects in any Defendant rental unit.   If there are prior or subsequent documents preceding or following the requested time period, identify and produce those too.

**Answer:**

5.    If, as of the date of incident, you had implemented and/or adopted any practice, procedure, policy or guideline relating to how Defendant management, staff, employee, and/or any other agent was to *respond to complaints or reports of* the alleged or actual presence of insects in any Defendant rental unit, for each such practice, policy, procedure, or guideline, state whether it was written or unwritten, identify the individual who created the procedure, policy, or guideline, the date on which it went into effect, whether it was to be followed by Defendant and all steps you took to ensure it was, in fact, followed.

**Answer:**

6.    State every practice, procedure, policy or guideline, implemented, adopted, or under consideration for adoption, as of the date of incident, relating to how Defendant management, staff, employee, and/or any other agent was to *prevent the presence of* insects in any Defendant rental unit.

**Answer:**

7.    If, as of the date of incident, you had implemented and/or adopted any practice, procedure, policy or guideline relating to how Defendant management, staff, employee, and/or any other agent was to *prevent the presence of* insects in any Defendant rental unit, for each such practice, policy, procedure, or guideline, state whether it was written or unwritten, identify the individual who created the procedure, policy, or guideline, the date on which it went into effect, whether it was to be followed by Defendant and all steps you took to ensure it was, in fact, followed.

**Answer:**

**<u>Extermination, Maintenance and History:</u>**

8.    Identify all persons employed by you or your agents to act in the following capacities/roles with regard to Defendant for the last 4 years:

        a.    Property manager (on-site);
        b.    Regional/area property manager;
        c.    Any other level of property manager;
        d.    Leasing agent;
        e.    Customer assistance/ relations (on-site or off-site);
        f.    Maintenance supervisor/superintendent;
        g.    Maintenance staff;
        h.    Exterminator (on-site);
        i.    Bookkeeping/accounting/customer accounts.

    If more than one person held a position during the identified time frame, identify all such

individuals and their inclusive dates of service.

**Answer:**

9.      Identify each and every one of your agents, servants and/or employees who handled, cared for, cleaned, managed, supervised, sold, or had any other job responsibility or interaction relating to the Subject rental unit for the last year for any purpose, and for each, state the date of interaction, the purpose, whether any Plaintiff(s)' was present at the time of interaction, and whether any documents exist related to the interaction.  This request includes but is not limited to, any pre-rental inspection of the Subject rental unit prior to Plaintiff(s)' acquisition of said rental unit.

**Answer:**

10.     Identify the person(s) who confirmed or denied the presence of insects in the Subject rental unit following Plaintiff(s)' complaint regarding bed bugs.  Please state whether the presence of insects was confirmed, whether the person(s) determined that Plaintiff(s)' was the cause of insects found in the Subject rental unit, the date on which that decision was made, the basis for the decision, whether that decision was based upon the approval of any other person, and if so, who.

**Answer:**

11.     Identify each rental unit from Defendant that was inspected or treated for insects for the last 4 years, including rental unit number, furniture type, each individual furniture piece, if any, that that inspection and/or treatment was requested for, the date of each treatment, the person or entity performing the treatment, the identity of the customer who possessed the rental unit prior to treatment, the type of inspection and/or treatment requested, and the date each rental unit was re-rented following treatment.

**Answer:**

12.     Please state the following regarding your pest control correspondence for the last 4 years:

   a.    The name of all pest control providers, and all contact information;
   b.    The name and contact information, including email address, of the primary person that is your main point of contact at the pest control provider (if there is more than one, please name them all);
   c.    The name of all state, city, local or any other governmental entity that has performed health or safety inspections, including those for insects;
   d.    The name and contact information, including email address, of the primary person that is your main point of contact at the governmental entity named above (if there is more than one, please name them all);

**Answer:**

13.    Please state the following regarding any internal employees that applied pest control products at any time (this includes but is not limited to bug bombs, Raid, Sterifab, diatomaceous earth, traps, "climb ups" or other similar items):

    a.    The name of the employee, and all contact information (if there is more than one, please name them all);

    b.    Their dates of employment;

    c.    If they had a pest control license or certifications. If so, please produce.

**Answer:**

**Prior Claims and Complaints:**

14.    Identify any and all past renters of the Subject rental unit and any neighboring units (above, below, adjacent or in the same building) for the past 4 years.   Please include the dates of possession specific to each prior renter, any complaints made by the prior renters, and the condition of Subject rental unit upon each prior renter's move out.

**Answer:**

15.    State the date you first received any complaint about possible biting insects and/or possible bed bugs in the Subject rental unit, and identify all steps taken by you in response to said complaint.   This is not limited to the current Plaintiff or their time of possession. This includes any prior renters and their times of possession for the past 4 years.

**Answer:**

16.    Identify each person or entity who, on behalf of Defendant or its agents, employees, staff, and/or management, communicated with Plaintiff(s)' from the date of incident to Present regarding the presence of insects in the Subject rental unit, inspection or requests for inspection for insects in the Subject rental unit, treatment or requests for treatment of insects in the Subject rental unit, the source of the insects in the Subject rental unit, or any other subject related to the events and damages set out in the Petition filed in this action, and for each communication, identify the date of the communication, the subject matter of the communication, and whether the communication was written or oral.

**Answer:**

**General:**

17.    Identify, explain and produce any and all documents reflecting, relating or referring to the history of the ownership or management or franchise status of the subject property for the past 5 years. This includes but is not limited to all supporting documentation relating to or

regarding ownership documents, management documents or franchise documents between you and any other defendant or party.

**Answer:**

18.   Please state the following regarding your computer and data storage systems for the last 4 years:
   a.   The name of your computer operating systems (e.g. Mac or Windows);
   b.   The name of your email program (e.g. Outlook, GMail, etc);
   c.   The name of your property management operating software (e.g. innRoad, GuestPoint, frontdesk Anywhere, etc.);
   d.   The identity and contact information of your IT Provider, Supervisor and/or Management Company;
   e.   A description of your computer backup or archiving system that saves backup of your general company data, including emails, documents, complaints, etc.
   f.   A description of your video surveillance or security system and the method that saves backup of any video obtained.

**Answer:**

19.   If any documents responsive to requests for production are missing or otherwise unavailable, for each, please state why they are missing or unavailable, they time they became missing or unavailable and identify their last known location and who, if anyone last had possession of the item and or may have possession of the item today.

**Answer:**

## Request for Disclosure

(a)     The correct names of the parties to the lawsuit.

**Response:**

(b)     The name, address, and telephone number of any potential parties.

**Response:**

(c)     The legal theories and, in general, the factual bases of the responding party's claims or defenses.

**Response:**

(d)     The amount and any method of calculating economic damages.

**Response:**

(e)     The name, address, and telephone number of persons who have knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**Response:**

(f)     For any testifying expert:

     1.     The expert's name, address, and telephone number;

     2.     The subject matter on which the expert will testify;

     3.     The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, of if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, and documents reflecting such information;

     4.     If the expert is retained by, employed by, or otherwise subject to the control of the responding party:

          A.     All documents, tangible things, reports, models, or data compilations that

have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

      B.      The expert's current resume and bibliography.

**Response:**

(g)    Any indemnity and insuring agreements as described in Rule 192.3(f).

**Response:**

(h)    Any settlement agreements as described in Rule 192.3(g).

**Response:**

(i)    Any witness statements as described in Rule 192.3(h).

**Response:**

(j)    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted, or in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**Response:**

(k)    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

**Response:**

(l)    The name, address, and telephone number of any person who may be designated as a responsible third party.

**Response:**

7/19/2019 1:57 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35275808
By: Shanelle Taylor
Filed: 7/19/2019 1:57 PM

CAUSE NO. 2019-41172

| | | |
|---|---|---|
| CHELSEA AJEIREN AND | § | IN THE DISTRICT COURT |
| ERIC AJEIREN | § | |
| | § | |
| V. | § | |
| | § | 129th JUDICIAL DISTRICT |
| FALLS ON ANTOINE LLC dba FALLS | § | |
| ON ANTOINE APARTMENTS and AXS | § | |
| OPPORTUNITY FUND, LLC | § | HARRIS COUNTY, TEXAS |

## DEFENDANT FALLS ON ANTOINE LLC d/b/a FALLS ON ANTOINE APARTMENTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, Defendant Falls On Antoine LLC d/b/a Falls On Antoine Apartments, and files this Answer to Plaintiffs' Original Petition and in support thereof, would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant Falls On Antoine LLC d/b/a Falls On Antoine Apartments generally denies all the allegations contained in Plaintiffs' Original Petition and demands that Plaintiffs prove their damages and allegations against Defendant by a preponderance of the credible evidence in accordance with the laws and Constitution of the State of Texas.

### II.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Falls On Antoine LLC d/b/a Falls On Antoine Apartments respectfully prays that Plaintiffs' Original Petition be dismissed in its entirety with prejudice at Plaintiffs' cost and that Plaintiffs recover nothing herein. Defendant additionally prays that this Honorable Court grant Defendant such further relief, at either law or in equity, to which Defendant may otherwise prove to be justly entitled.

034

Respectfully submitted,

**BROWN SIMS**

By: _____

Robert M. Browning
State Bar No. 00796264
Karl R. Taylor
State Bar No. 24070941
1177 West Loop South, 10th Floor
Houston, Texas 77027-9007
Telephone:   (713) 629-1580
Facsimile:    (713) 629-5027
rbrowning@brownsims.com
ktaylor@brownsims.com

**ATTORNEYS FOR DEFENDANTS FALLS ON ANTOINE LLC D/B/A FALLS ON ANTOINE APARTMENTS AND AXS OPPORTUNITY FUND LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July 2019 a true and correct copy of the foregoing instrument has been served on the following party in accordance with the Texas Rules of Civil Procedure.

***E-service and Email***
The Rice Firm
Attn: Tad Rice
25700 I-45 North, Suite 130
The Woodlands, Texas 77386

_____
Robert M. Browning

7/19/2019 2:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35276280
By: Shanelle Taylor
Filed: 7/19/2019 2:04 PM

CAUSE NO. 2019-41172

| | | |
|---|---|---|
| CHELSEA AJEIREN AND | § | IN THE DISTRICT COURT |
| ERIC AJEIREN | § | |
| | § | |
| V. | § | |
| | § | 129th JUDICIAL DISTRICT |
| FALLS ON ANTOINE LLC dba FALLS | § | |
| ON ANTOINE APARTMENTS and AXS | § | |
| OPPORTUNITY FUND, LLC | § | HARRIS COUNTY, TEXAS |

## DEFENDANT AXS OPPORTUNITY FUND, LLC'S SPECIAL APPEARANCE

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, AXS Opportunity Fund, LLC ("AXS" or "Defendant"), a Defendant in the above-entitled and numbered cause, and files this Special Appearance under the authority of the Texas Rules of Civil Procedure 120a for the purposes of objecting to the jurisdiction of the Court over this Defendant, and as grounds would respectfully show unto the Court as follows:

### I.

This special appearance is made to all of Plaintiffs' claims against this Defendant.

### II.

This special appearance has been filed by this Defendant prior to any plea, pleading, or motion.

### III.

This Court does not have jurisdiction over this Defendant AXS Opportunity Fund, LLC because it is not amenable to service of process issued by the Courts of Texas. Defendant would further show that:

1

036

1. Defendant has no offices in the State of Texas, does not own any real or personal property in the State of Texas, has never been licensed to do business in the State of Texas and is not qualified to do business in the State of Texas. Further, Defendant is not required any laws known to me to be required to be licensed to do business in the State of Texas.

2. Defendant did not produce any products in the State of Texas.

3. Defendant has no offices, agents, bank accounts, or business operations in the State of Texas.

4. Defendant has never conducted any business in the State of Texas.

5. Defendant did not commit any torts of any nature, nor did it enter into any contracts in the State of Texas.

6. Defendant has never maintained any offices in the State of Texas.

7. Defendant is incorporated in the State of Nevada.  Defendant has its principal place of business at 9100 Wilshire Blvd., Suite 360E, Beverly Hills, CA 90209.

**IV.**

The assumption of jurisdiction by this Court over Defendant would offend traditional notions of fair play and substantial justice, thus depriving this Defendant of due process as guaranteed by the United States Constitution, because Defendant does not have sufficient "minimum contacts" with Texas to justify this Court's jurisdiction over it.

WHEREFORE, PREMISES CONSIDERED, Defendant, AXS Opportunity Fund, LLC requests that this Motion be set for hearing on notice to Plaintiffs and Co-Defendants, and upon such hearing, this Motion be sustained and Plaintiffs' claims against this Defendant, AXS Opportunity Fund, LLC, be dismissed for want of jurisdiction.

037

Respectfully submitted,

**BROWN SIMS**

By: _____

Robert M. Browning
State Bar No. 00796264
Federal Bar No. 21097
Karl R. Taylor
State Bar No. 24070941
Federal Bar No. 2629801
1177 West Loop South, 10th Floor
Houston, Texas 77027-9007
Telephone:   (713) 629-1580
Facsimile:    (713) 629-5027
rbrowning@brownsims.com
ktaylor@brownsims.com

**ATTORNEYS FOR DEFENDANTS FALLS ON ANTOINE LLC D/B/A FALLS ON ANTOINE APARTMENTS AND AXS OPPORTUNITY FUND LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July 2019, a true and correct copy of the foregoing instrument was served upon all known counsel of record, in accordance with the Texas Rules of Civil Procedure:

**_Via Electronic Service and Email_**
Tad Rice
THE RICE FIRM
25700 I-45 North, Suite 130
The Woodlands, Texas 77386
Telephone:   (713) 234-1266
Facsimile:    (832) 495-4767
Email:firm@ricefirmpc.com
Attorney for Plaintiffs

Robert M. Browning

3

038

CAUSE NO. 2019-41172

| | | |
|---|---|---|
| CHELSEA AJEIREN AND | § | IN THE DISTRICT COURT |
| ERIC AJEIREN | § | |
| | § | |
| V. | § | |
| | § | 129th JUDICIAL DISTRICT |
| FALLS ON ANTOINE LLC dba FALLS | § | |
| ON ANTOINE APARTMENTS and AXS | § | |
| OPPORTUNITY FUND, LLC | § | HARRIS COUNTY, TEXAS |

### ORDER GRANTING
### DEFENDANT AXS OPPORTUNITY FUND, LLC'S
### <u>SPECIAL APPEARANCE</u>

On this day, came to be heard Defendant AXS Opportunity Fund, LLC's Special Appearance and the Court having considered same, the response thereto, if any, and any arguments of counsel is of the opinion that said motion should be granted. It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendant AXS Opportunity Fund, LLC's Special Appearance is hereby in all things granted and that Plaintiffs take nothing as to Defendant AXS Opportunity Fund, LLC and that Plaintiffs' causes of action against Defendant AXS Opportunity Fund, LLC are hereby dismissed for want of jurisdiction.

SIGNED this _____ day of _____, 2019.

_____
JUDGE PRESIDING

039

APPROVED AS TO SUBSTANCE AND FORM:

**BROWN SIMS**

By: _____

     Robert M. Browning
     State Bar No. 00796264
     Federal Bar No. 21097
     Karl R. Taylor
     State Bar No. 24070941
     Federal Bar No. 2629801
     1177 West Loop South, 10th Floor
     Houston, Texas 77027-9007
     Telephone:   (713) 629-1580
     Facsimile:   (713) 629-5027
     rbrowning@brownsims.com
     ktaylor@brownsims.com

     **ATTORNEYS FOR DEFENDANTS**
     **FALLS ON ANTOINE LLC D/B/A**
     **FALLS ON ANTOINE APARTMENTS**
     **AND AXS OPPORTUNITY FUND LLC**